IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 12-cr-00169-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7.    ALEJANDRO CASTRO,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Motion for Modification of the Terms of Pretrial Release" [Doc. No. 252] filed February 22, 2013. The court took the matter under advisement on February 22, 2013 [Doc. No. 275] to seek input from Pretrial Services and the United States. The United States responded that had no objection to the requested modification on February 27, 2013. [Doc. No. 282.] The bail report from Pretrial Services, however, indicated some issues with the modification and alerted the court that a plea agreement had been reached with the government and that the change of plea was scheduled to take place on March 15, 2013. [Doc. No. 279, restricted.] Pretrial Services was concerned about the Defendant being released to California given that his presence in Colorado would be necessary within only a few weeks. Further, Pretrial Services also noted that while the defendant had been compliant with the terms of his release, release pending sentencing or appeal was subject to the greater

restrictions contained in Title 18 U.S.C. § 3143. Pretrial Services also indicated that defendant would be pleading guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A)-(C) which would subject him to a rebuttable presumption that he be detained without bond unless the judicial officer finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to any other person or the community. Since the filing of that initial bail report, Pretrial Services has filed two additional reports and in Doc. No. 305 has recommended detention without bond for this defendant subsequent to entry of his guilty plea.

The entry of plea was scheduled for today, March 15, 2013 before District Judge R. Brooke Jackson. Neither Pretrial Services nor the government provided the court with information about the exact charge to which Defendant was contemplating pleading guilty nor did they advise the court whether the "Government has recommended that no sentence of imprisonment be imposed on the person."

This court was aware, as a result of the bond hearing in this case, that Defendant had another federal criminal matter pending before Senior Judge John Kane at the same time as this case. (See Case No. 12-cr-00265-JLK.) Magistrate Judge Kristin L. Mix had held a detention hearing in that case and had set conditions of bond. This court allowed bond in this case on the basis of consistency between the two cases. The United States, however, dismissed Judge Kane's case on July 17, 2012.

Under all these circumstances, this court decided that the best course of action was to allow the defendant to remain on bond here in Colorado, where he appeared to be doing well, pending the change of plea hearing and then take up the issue of whether the court could make

appropriate findings consistent with 18 U.S.C. § 3143 to allow him to continue on bond, and if so, with what restrictions.

Interestingly, the very day Pretrial Services issued its recommendation that the Defendant's bond conditions not be modified and that, in fact, he should be detained without bond subsequent to the change of plea hearing, on March 12, 2013, Defendant's attorney filed a Motion to Continue the Change of Plea hearing because he had suffered from "a wicked head and chest cold" the previous weekend. [Doc. No. 306.] When the Order continuing today's change of plea hearing was entered, the Defendant's attorney apparently had sudden recovery from his illness and filed a Motion for Order or Hearing on Unopposed Motion on Modification of Supervision by Magistrate" [Doc. No. 308]. It is all too apparent that Defendant Castro is attempting to maneuver this court so that his modification of bond will be considered under § 3142 instead of § 3143.

District Judge Jackson has reset the change of plea hearing for April 5, 2013 at 1:15 p.m. If this court were to grant a modification of bond at this time, the defendant would leave the state of Colorado, as well as break his lease and leave his job without notice, only to be required to return three weeks later. As noted by the Defendant, Mr. Castro has a stable residence in Colorado in an apartment where he is a lessee with one roommate. [Mot., Doc. No. 252 at 2.] He also has a steady job here at an auto parts store. *Id.* The court sees absolutely no value at all in releasing the Defendant to California to be supervised by a different probation department and no job, when his change of plea hearing is scheduled in three short weeks and bond will need to be reconsidered at that time.

Therefore, this court will continue to hold this motion in abeyance, however the court will set a bond hearing for **April 5, 2013 at 3:30 p.m.** to consider whether bond should continue pursuant to Title 18 U.S.C. § 3143, and if so, whether bond conditions should be modified during the period between the change of plea and sentencing. Each side may supplement its briefing concerning the issues addressed in this Order **on or before March 29, 2013.**

Dated this 15th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge